UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAMERON MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01922-MJD-SEB |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendant's motion to dismiss.  [Dkt. 8.]  For the

reasons set forth below, the Court **DENIES** Defendant's motion.

### I.  Applicable Standard

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6).

> "To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, if accepted as true, to 'state a claim to relief that is plausible on its face.'"
> *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.
> Twombly*, 550 U.S. 544, 570 (2007)).  We "must accept as true all of the
> allegations contained in a complaint" that are not legal conclusions.  *Id.*
> "Threadbare recitals of the elements of a cause of action, supported by mere
> conclusory statements, do not suffice." *Id.*

*Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017).

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has
> acted unlawfully.

*Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (citations omitted).

## II.  Allegations in Plaintiff's Complaint

The allegations in Plaintiff's Complaint, which the Court must take as true for purposes of

this motion, are as follow:

1. At all times hereinafter mentioned Defendant owned, operated and maintained a retail store located at 4200 Western Avenue, in Fayette County, Indiana.

2. On or about May 7th [sic], 2019 Plaintiff was an invitee on Defendant's premises when he picked up a picture frame from a display area and the frame separated causing the glass to fall on his lower extremity.

3. The picture frame at issue was manufactured by Hong Kong Company Intco International (HK) Co., LTD and distributed by Defendant.

4. The Court does not have jurisdiction over Intco International (HK) Co., LTD and, therefore, Defendant, who is the distributor and seller of the picture frame product, is also deemed the manufacturer pursuant to I.C. 34-20-2-4.

5. The incident was caused by the negligence of the Defendant and it's [sic] violation of the Indiana Product Liability Act.

6. As a proximate result of the Defendant's negligence and violation of the Indiana Product Liability Act, Plaintiff has been injured and damaged, incurred reasonable medical expenses, endured pain, suffering and mental anguish and lost income and earning capacity.

[Dkt. 1-1.]

## III.  Discussion

Defendant moves to dismiss Plaintiff's Complaint on the grounds that it is too conclusory

to state a claim under the Indiana Products Liability Act ("IPLA").  That may be the case.

However, a complaint need not set forth any legal theories, and a plaintiff "cannot plead herself

out of court by citing to the wrong legal theory or failing to cite any theory at all."  *Ryan v.*

*Illinois Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999); *see also R3*

*Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 942 (7th Cir. 2020) ("[T]he federal courts

require notice pleading, not fact pleading complete with all the minutiae.  A complaint need only

provide notice of a plausible claim; there is no rule requiring parties to plead legal theories

or elements of a case.") (citations omitted); *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848

(7th Cir. 2017) ("And no matter the type of case (as long as Rule 9(b) is not involved), a plaintiff

is not required to plead legal theories, let alone to plead facts that correspond to 'elements' of any

particular claim.").  Here the Complaint asserts two possible legal bases for Plaintiff's claim—

common law negligence and the IPLA—and Plaintiff makes it clear in his response to the instant

motion that he is, indeed, asserting both.  [Dkt. 12.]  Inexplicably, Defendant fails to

acknowledge that fact in its reply brief and continues to argue only that Plaintiff's Complaint

should be dismissed for failure to state an IPLA claim.  [Dkt. 17.]  But Plaintiff's Complaint is

not subject to dismissal if it adequately states **any** claim for relief.  *See BBL, Inc. v. City of

Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't

permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the

complaint includes factual allegations that state a plausible claim for relief.") (citation omitted).

Therefore, "[a]s long as the plaintiff can, in response to a motion to dismiss, identify some

plausible theory that would entitle it to relief on its claim, that claim may move forward and a

motion to dismiss other legal theories must be denied." *KFC Corp. v. Iron Horse of Metairie

Rd., LLC*, 2020 WL 3892989, at *3 (N.D. Ill. July 10, 2020).

      Here, while Plaintiff's factual allegations are indeed quite sketchy, Plaintiff has

nonetheless adequately stated a claim for common law negligence.  Federal Rule of Civil

Procedure 84 previously authorized various official forms, including a form complaint ("Form

9") for a negligence case, about which the Seventh Circuit noted the following:

The [Supreme] Court noted that a complaint of negligence in compliance with Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084-85 (7th Cir. 2008) (citing *Bell Atlantic Corp.*, 550 U.S. 544) (additional internal citations omitted). While Rule 84 has since been abrogated, the advisory committee note expressly states that "[t]he abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8." Fed. R. Civ. P. 84 advisory committee's note to 2015 amendment. Thus, both the Supreme Court and the Seventh Circuit have rejected the idea that in a simple negligence case, such as this one, the complaint must set forth more details than Plaintiff's Complaint contains in this case. The Complaint notifies Defendant of where and how Plaintiff was injured in its store; this is enough to enable Defendant to begin investigation and prepare its defense. Plaintiff will certainly need to explain how he believes Defendant was negligent and/or how he believes Defendant is liable under the IPLA in order to prevail in this case, but he is not required to do so to survive a motion to dismiss.

## IV.  Conclusion

For the reasons set forth above, Defendant's motion to dismiss [Dkt. 8] is **DENIED**.

SO ORDERED.

Dated:  18 SEP 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.